UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONZI N.V., | § | |
| | § | |
|     *Plaintiff/Counter-Defendant*, | § | |
| | § | |
| v. | § | |
| | § | |
| GLOBAL FINANCIAL SERVICES LLC, | § | |
| | § | CIVIL ACTION H-11-3642 |
|     *Defendant/Counter-Plaintiff/* | § | |
|     *Third Party Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| INTERACCIONES BANKING CORPORATION, LTD. | § | |
| AND ALEJANDRO LARA ANZOLA | § | |
| | § | |
|     *Third Party Defendants* | § | |

### ORDER

Pending before the court is third-party defendant Alejandro Lara Anzola's ("Lara") motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Dkt. 40. Also pending is his motion to strike defendant/third-party plaintiff Global Financial Services' ("Global") sixth amended answer, counterclaims, and third-party petition (the "sixth amended pleading") for failure to comply with FED. R. CIV. P. 15(a)(2). Dkt. 46. Upon consideration of the motions, the related filings, and the applicable law, both of Lara's motions are DENIED.

### BACKGROUND

This case was initially brought by Donzi, a limited liability company located in Curaçao, West Indies, against Global. Donzi alleges that in 2009 it engaged IBC, an Antiguan banking corporation, to hold certain of its securities with a U.S. broker-dealer and to manage those securities

on its behalf. After Donzi transferred these securities to IBC, IBC placed them in an account with an introducing broker, Global, and issued Donzi a certificate.

In February 2011, Donzi requested IBC to transfer these securities out of IBC's custody. Having failed to get an affirmative answer, Donzi contacted Global directly. Global claimed that it knew neither of Donzi nor of Donzi's claims to the securities, which were in IBC's name alone. After Global refused to release these securities, Donzi brought the instant suit against it for breach of fiduciary duty and for declaratory judgment with regards to the ownership of the securities at issue. Global counterclaimed against Donzi for negligence. It also brought third-party claims against both IBC and IBC's president Lara. Specifically, it sued Lara for contribution and indemnity, breach of contract and unjust enrichment, negligent misrepresentation, and fraud.

Lara was joined as a third-party defendant on October 7, 2011. The whole case was then removed to this court. A scheduling order was entered on November 16, 2011, setting June 15, 2012 as the deadline for amending pleadings. Dkt. 29. Lara filed a motion to dismiss for lack of personal jurisdiction under FED. R. CIV. P. 12(b)(2) on January 18, 2012. Dkt. 40. On February 8, Global filed its sixth amended pleading. Dkt. 42. Lara moved to strike that amendment On February 14. Dkt. 46. Global has responded to both of Lara's motions in a timely manner. Dkt. 43, 47, 48.

## ANALYSIS

### A. Lara's Motion to Strike Global's Sixth Amended Pleading

In his motion to strike Global's sixth amended pleading, Lara claims that because the document was filed without obtaining either Lara's written consent or leave of court, it fails to meet the requirement of Rule 15(a)(2) and therefore must be stricken as a matter of law.

**1.     Legal Standard**

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings.  Under Rule 15(a)(1)(B), if the pleading is one to which a responsive pleading is required, a party may amend it once as a matter of course within twenty-one days after service of a response pleading, or twenty-one days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  Otherwise, in order to amend, a party must obtain the other party's written consent or leave of court.  FED. R. CIV. P. 15(a)(2).  Alternatively, a court may issue a pretrial scheduling order pursuant to FED. R. CIV. P. 16(b) to establish the timetable for amending pleadings.  Once such a scheduling order is in place, the deadline set by the order controls.

**2.     Lara's Motion to Strike**

In his motion to strike, Lara contends that Global's sixth amended pleadings should be stricken as a matter of law for two reasons. Dkt. 46.  First, the document was filed in violation of Rule 15(a)(2) because Global obtained neither Lara's written consent nor leave of court and the Rule 15(a)(1)(B) "amendment-as-a-matter-of-course" exception is inapplicable in this case. *Id.*  Second, allowing Global to amend to clarify grounds for personal jurisdiction would be prejudicial to Lara, given his pending motion to dismiss.  *Id.*

Lara's argument fails for three reasons.  First, Lara incorrectly cites to Rule 15(a)(1)(B) before its 2009 amendment.  After 2009, the right to amend as a matter of course is no longer terminated by service of a responsive pleading, as Lara argued.  Instead, a pleading "to which a responsive pleading is required" may be amended "21 days after service of a responsive pleading or 21 days after service of after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  FED. R. CIV. P. 15(a)(1)(B).  Here, Lara  filed no other responsive pleading before his  Rule 12(b)

motion, which was filed on January 18, 2012. On February 8, within the 21-day limit, Global filed the document at issue. Therefore, this document is properly before the court under Rule 15(a)(1)(B).

Second, Lara incorrectly argues that the scheduling order does not relieve Global from its Rule 15(a)(2) burden. In its scheduling order, this court set June 15, 2012 as the deadline for amending pleadings, and explicitly provided that "any amendment after that date must be accompanied by a motion." Dkt. 29. Because Global's sixth amended pleading was submitted before June 15, no motion is required.

Third, the court disagrees that Lara would be severely prejudiced should Global's amendment be allowed. Procedurally speaking, Global amended its pleading as a matter of course and well within the deadline set by the court's order. Substantively speaking, Global did not insert facts or allegations which were unexpected on Lara's part. It merely amended to further support its fraud claim and to assert grounds for jurisdiction. Moreover, in general a court should provide plaintiffs an opportunity to amend their complaints to meet Rule 9(b)'s pleading requirement for fraud before ordering dismissal, *see Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 384 (5th Cir. 2004). Accordingly, the court will allow Global's amendment, and Lara's motion to strike is DENIED.

**B. Lara's Motion to Dismiss for Lack of Personal Jurisdiction**

Lara also filed a motion to dismiss Global's third-party complaint against him under Rule 12(b)(2) for lack of personal jurisdiction. FED. R. CIV. P. 12(b)(2). He claims that the fiduciary-shield doctrine bars jurisdiction over him, and that the "intentional torts" exception to that doctrine does not apply here because Global has failed to plead its fraud allegation sufficiently. Since this court has decided that Global's sixth amended pleading is properly filed, it will analyze jurisdiction based on that document. *See Allred v. Moore & Peterson*, 117 F.3d 278, 280-81 (5th Cir. 1997)

(affirming trial court's consideration of amended complaint's asserted grounds for personal jurisdiction after original compliant was dismissed for lack of jurisdiction).

### 1. Legal Standard

A court must dismiss an action when it lacks personal jurisdiction over the defendant. FED. R. CIV. P. 12(b)(2). When a district court rules on personal jurisdiction without an evidentiary hearing, as is the case here, the plaintiff must make a prima facie showing of jurisdiction, *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citation omitted), and the court may consider the entire contents of the record, including affidavits, *Paz v. Bush Engineered Materials, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006) (citations omitted). All conflicts in the evidence are resolved in favor of the plaintiff. *Luv N'care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). And all of the plaintiff's uncontroverted allegations will thus be accepted as true. *Id.*

In a diversity action, a federal court may exercise personal jurisdiction over a non-resident defendant if: (1) the long-arm statute of the forum state allows the exercise of personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction over that defendant is consistent with due process under the U.S. Constitution. *Clements v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010). This two-step personal jurisdiction inquiry collapses into one federal due process analysis since the Texas long-arm statute extends to the limits of federal due process. *Id.* And "to satisfy the requirements of due process, the plaintiff must demonstrate: (1) that the non-resident purposely availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the state; and (2) that the exercise of jurisdiction does not offend 'traditional notions of fair play and substantial justice.'" *Mullins v. TestAmerica Inc.*, 564 F.3d 386, 398 (5th Cir. 2009).

"Jurisdiction may be general or specific." *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 484 (5th Cir. 2008). A forum state may exercise specific jurisdiction over a non-resident defendant

"when the non-resident defendant's contacts with the forum state arise from, or are directly related to, the cause of action." *Allred*, 117 F.3d at 286. Even a single act by the defendant directed at the forum state can be enough to confer jurisdiction if that act gives rise to the claim being asserted. *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 419 (5th Cir. 1993). In deciding whether there is specific jurisdiction, the court will consider whether the defendant has purposefully availed himself of the laws of the forum state and could reasonably anticipate being sued there. *Burger King v. Rudzewicz*, 471 U.S. 462, 482, 105 S. Ct. 2174 (1985). In addition, if a plaintiff's claims are related to different forum contacts of the defendant, specific jurisdiction must be established for each claim. *Seifarth v. Helicopeteros Atuneros, Inc.*, 472 F.3d 266, 275 (5th Cir. 2006).

A person subjects himself to a state's jurisdiction if he "expressly aim[s]" a tortious statement towards that state. *Clemens*, 615 F.3d at 378 (5th Cir. 2010) (quoting *Calder v. Jones*, 465 U.S. 783, 785 (1984)). If the "actual content of communications [to] a forum state gives rise to intentional tort causes of action, this alone constitutes purposeful availment" and will provide jurisdiction. *Wein Air Alaska v. Brandt*, 195 F.3d 208, 213 (5th Cir. 1999).

### 2. Lara's Motion to Dismiss

In his motion to dismiss, Lara argues that this court lacks personal jurisdiction over him because (1) he has no other contacts with Texas except his activities on behalf of IBC, an Antiguan entity, and (2) these activities fall within the protection of the fiduciary-shield doctrine. Dkt. 40. While admitting Global's fraud claim may provide jurisdiction, Lara contends that it fails to do so because Global fails to plead it sufficiently to meet the requirement of FED. R. CIV. P. 9(b).

Conversely, Global argues that the fiduciary-shield doctrine cannot shield Lara from the court's jurisdiction because the doctrine does not apply to torts for which the corporate officer may

6

be held individually liable, as in this case. Dkt. 43. Assuming that Donzi's allegations are correct, Lara has allegedly perpetrated a scam on Global that amounts to fraud, or at least negligent misrepresentation, by stating that the securities at issue belonged to IBC. *Id.* Global contends that since Lara committed torts directed at a Texas resident, this case falls within the exception to the fiduciary-shield doctrine and accordingly this court has jurisdiction over Lara. *Id.*

Under well-established Texas law, "an individual's transaction of business within the state solely as a corporate officer does not create personal jurisdiction over that individual though the state has in personam jurisdiction over the corporation." *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985). However, the protections of the fiduciary-shield doctrine are not absolute. For example, it does not preclude personal jurisdiction if an officer, while doing business on behalf of a corporation, committed a tort in Texas. *See, e.g., Donovan v. Grim Hotel Co.*, 747 F.2d 966, 974 (5th Cir. 1984) ("Nor is due process offended when a nonresident corporate agent or employee is made subject to personal jurisdiction in the forum state for a foreseeable consequence therein of his personal act performed elsewhere, although allegedly performed only as a corporate functionary."); *Morris v. Khols-York*, 164 S.W.3d 686, 697 (Tex. App. – Austin 2005, no pet.) ("The fiduciary shield doctrine does not protect a corporate employee from the exercise of specific jurisdiction as to fraudulent activities or torts for which the employee may be held individually liable. . . . There is no blanket protection from jurisdiction simply because a defendant's alleged acts were done in a corporate capacity.")

In this case, assuming Donzi's claims to the securities are correct, Lara, in signing the customer agreement and orally representing to Global that IAB's accounts were proprietary to IBC, has allegedly committed torts, allegedly negligent misrepresentations and/or fraud, in Texas and targeted towards a Texas resident. Lara could not only foresee that this alleged misrepresentation

7

would induce Global to act in reliance on it, but likely encouraged and wanted Global to do so. Therefore, the fiduciary-shield doctrine does not protect Lara from being subject to this court's jurisdiction. *See Kapache v. Philip Seifert & Liberty Capitol, LLC*, No. Civ. A. H-06-00083, 2007 WL 2915003 at *4 (S. D. Tex. Oct. 4, 2007) (finding personal jurisdiction on similar facts). Furthermore, because all of Global's claims against Lara are based on the same contacts and this court has found jurisdiction with respect to fraud and negligent misrepresentation, it therefore has specific jurisdiction over Lara with respect to all of Global's other claims as well.

Lara's arguments in his motion to dismiss flawed in at least two aspects. First, Lara misconstrued *Sefton*, the case he relied upon, by arguing that there are only two exceptions to the fiduciary-shield doctrine, alter-ego and intentional tort, and therefore only Global's fraud claim can confer jurisdiction. *See Sefton v. Jew.*, 201 F. Supp.2d 730 (W.D. Tex. 2001). While the *Sefton* court stated that courts have recognized these two exceptions to the doctrine, it never said that these two exceptions are exclusive. Lara's precise argument has been addressed by the Texas Court of Appeals in *Ennis v. Loiseau*, 164 S. W.3d 698, 708 (Tex. App. – Austin 2005, no pet.). In that case, a defendant argued that "in order to exercise jurisdiction over a nonresident corporate officer, the plaintiff must product evidence of an intentional tort or fraud committed by the officer." *Id.* The *Ennis* court rejected this argument, stating that to establish jurisdiction, "it is not necessary to prove that the officer engaged in intentionally tortious activity . . . . Rather, the plaintiff must establish that the officer committed fraudulent or tortious acts for which he may be held individually liable." *Id.*

Second, contrary to Lara's contention, Global's allegations supporting its fraud claim, viewed in the light favorable to Global, have met the FED. R. CIV. P. 9(b) standard. Rule 9(b) requires that allegations of fraud "must state with particularity the circumstances constituting fraud or mistake." The plaintiff must specify the alleged fraudulent statements, the speaker, when and where the

8

statements were made, and why the statements were fraudulent. *Dorssey v. Portfolio Equities, Inc.*, 540 F.3d 333, 341 (5th Cir. 2008). Here, Global has submitted the customer agreement signed by Lara on August 16, 2007, in which Lara represented that only IBC has any interest in the accounts established pursuant to the agreement. Dkt. 43, Ex. A, p. 7, ¶ 29(b). It also submitted the options agreement, containing similar representations signed by Lara on November 16, 2010. Dkt. 43, Ex. B. Additionally, Global has submitted the affidavit of Alfredo Tellez, Global's representative assigned to IBC's accounts, to further support its fraud allegation. Dkt. 43, Ex. D. These allegations are sufficient for the Rule 9(b) requirement to be met.

In sum, Lara has allegedly committed torts in Texas which were directed to a Texas resident. Thus, the fiduciary-shield doctrine is inapplicable in this case. Also, Global has pleaded its fraud claim with sufficient details to comply with Rule 9(b). Accordingly, Lara's motion to dismiss for lack of personal jurisdiction is DENIED.

## CONCLUSION

Pending before the court are Lara's motion to strike Global's sixth amended pleading (Dkt. 46), and his motion to dismiss for lack of personal jurisdiction (Dkt. 40). For the foregoing reasons, these motions are DENIED.

It is so ORDERED.

Signed at Houston, Texas on June 25, 2012.

_____
Gray H. Miller
United States District Judge