UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONZI, N.V., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-3642 |
| | § | |
| ALEJANDRO LARA ANZOLA, | § | |
| | § | |
| Defendants. | § | |

### ORDER

Pending before the court is Defendant Alejandro Lara Anzola's ("Lara") motion to transfer venue to the United States District Court for the Southern District of Florida. Dkt. 90. After considering the motion, response, and relevant law, the court is of the opinion that the motion should be DENIED.

### I. BACKGROUND

This is a commercial dispute between a bank owner—Lara—and an investor—Donzi, N.V. Several parties have been dismissed from this action, and there is only one remaining plaintiff and one remaining defendant. Dkt. 98. Lara is a resident of Miami seeking to have this case transferred to Florida pursuant to 28 U.S.C. § 1404(a). Dkt. 90. Lara has submitted a lengthy narrative of the facts that form the basis of this case, most of which are not relevant to his motion to transfer. The court will present the relevant facts in its analysis below.

### II. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "The district court

has broad discretion in deciding whether to order a transfer." *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987). The moving party bears the burden of showing why the forum should be changed. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). In evaluating a §1404(a) motion to transfer, the court examines (1) whether the action "might have been brought" in the transferee forum, and (2) whether there is "good cause" for transferring the action. *In re Volkswagen of Am. Inc.*, 545 F.3d 304, 312, 315 (5th Cir. 2008).

To show good cause, the movant must demonstrate that a transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." *Id.* at 315. In determining whether transfer is appropriate, the court considers private and public interest factors. *Id.* The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id.* The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* "[W]hen the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.*

### III. ANALYSIS

The court finds that this case, as it currently stands, could have been brought in Florida.[1] The

---

[1] The parties refer repeatedly to the claims of and against Global Financial Services, L.L.C. ("Global") in their briefing. However, since this motion was filed, Global has dismissed its claims in this lawsuit, and the claims against it have been dismissed. Accordingly, the court will focus on the arguments that remain unchanged by Global's dismissal from this case.

court finds that this case, as it currently stands, could have been brought in Florida. Donzi argues that it could not have initially brought the case in Florida because there would have been no personal jurisdiction over Global. However, Global has been dismissed from this case, and Lara is a resident of Florida, so a federal court in the Southern District of Florida would have jurisdiction over the parties in this case.

### A. Private Interest Factors

Lara argues that the private interest factors weigh in favor of transfer because Diana Espino, a third-party witness, resides in the Southern District of Florida. Dkt. 90 at 11. The court is unpersuaded by this argument. Of the eight witnesses (other than himself) Lara lists, one lives in Florida, one lives in Houston, and the others live overseas. *Id.* at 12. Lara argues that the Houston-based witness, Global's senior vice president, is a party witness whose attendance could be compelled in Florida. *Id.* However, since the filing of Lara's motion, Global has been dismissed from this case. Dkts. 92, 95. Accordingly, transferring this case to Florida shifts the inconvenience from one non-party witness to another. With so many foreign witnesses, the availability of compulsory process is also equally in Houston or Miami.

Lara also argues that the case should be transferred to Florida because he has limited resources and will have to travel to Houston for trial if the case is not transferred. Regardless of where this trial is held, people will have to travel to attend. Lara has an attorney in Houston, so the travel costs Lara will incur are limited to those expenses required for him to attend trial. Those expenses are not so burdensome that plaintiff's choice of forum should be disrupted. Lara has not shown that the private interest factors support transfer of this case.

### B. Public Interest Factors

Lara argues that the public interest factors weigh in favor of transfer because Florida is home to a large number of Venezuelan residents, and this case stems from the Venezuelan financial meltdown. This argument is also unavailing. This case is a truly international one involving companies and banks from the Dutch West Indies, Antigua, and Houston, and a Venezuelan expatriate living in Florida. Dkt. 90 at 14. The residents of Miami and Houston are equally concerned about the outcome of this case.

Lara's final argument is that the inconvenience of trial should be shifted from him to plaintiff because he is an individual, and plaintiff is a company with greater financial resources. Trial is expensive and inconvenient whenever and wherever it is held. Transferring this case to Florida merely shifts the inconvenience from one party to another. That is insufficient to justify transfer, especially when this case has already been pending in this court for almost four years.

### IV. CONCLUSION

For the reasons outlined above, Lara's motion to transfer (Dkt. 90) is DENIED.

It is so ORDERED.

Signed at Houston, Texas on May 5, 2015.

_____
Gray H. Miller
United States District Judge